*460
 
 Ruffin, C. J.
 

 On the part of the plaintiff there are no proofs, excepting only that he filed as an exhibit the deed made by the defendant. Several depositions have been taken by the defendant, which sustain the answer throughout, as to the value of the land, the circumstances of the sale, the knowledge of the purchaser of the state of the title, his refusal to rescind the contract on account' of the title though requested by the defendant, and his acceptance of the deed of the defendant as a sufficient ti-tie at his risk, and also of the written declaration of an assetit to the sale by the heirs and their guardians.
 

 If there were no other objection to the plaintiff’s case, his omission to put in the will of his testator, as evidence, would be fatal to it. Although the title might be defective,
 
 yet,
 
 as the purchaser entered under his deed, he wasseised so far, that the land descended from him, taking with it- the general warranty, and the heir would have the right to the action on the warranty, and he may choose to keep it.
 
 Markland
 
 v.
 
 Crump,
 
 1 Dev. and Bat. 94—
 
 Thrower
 
 v.
 
 McIntire, 4
 
 Dev. and Bat. 360. Therefore the executor, as such, would have no right to have the purchase rescinded or refuse to pay the price out of the personal estate.
 
 Rutherford
 
 v.
 
 Green,
 
 2 Ired. Eq. 121. Hence, the will was a necessary part of the plaintiff’s title, in order to show that the title did not go to him, but vested,in him as devisee: for no., doubt, the land is the subject of devise as well as descent, and the covenant for quiet enjoyment wquld go with it, as it had not been broken in the time of the testator. Whether the will, if in. evidence, would give the executor by himself the right to. fill the bill, may well be questioned : for, as stated in the bill, the land is not devised to the executor, but he is only “directed to sell it” — thus -creating a.-power only in the executor, and . leaving the land to descend. - But that point need not to be looked into, since the will is not be
 
 *461
 
 fore us, and therefore we cannot see, that the plaintiff has either an estate or a power.
 

 But', if that point were out of the case, the merits are clearly against the plaintiff. No doubt the purchaser might, upon the strength of their assent to the sale given to him in writing, claim from the adult heirs a conveyance of their respective shares of the land : and'it is possible, if they were made parties, that the Court would stop
 
 in transitu
 
 their parts of the purchase money, until they should respectively comply with the decree against them to convey. But, even then, the purchaser could not claim to have the whole contract abrogated, because one ©r two would not convey, but would only have the right of keeping back the proportion of the purchase money belonging to those, who could, but would not, make deeds, so as to complete the vendee’s title as far as they could. But the plaintiff has not made any of the heirs parties, and he cannot therefore claim relief upon the ground that they will not comply with the equitable terms the Court might impose on them: but he founds his prayer for relief solely upon the ground, that the title, which the defendant sold and conveyed to him, is not a good one, but is defective in the manner pointed odt in the bill. That might be a very sufficient ground, on which the Court should allow a purchaser to retain the purchase money, until the title should be made good, and, if that were not done in a reasonable time, rescind the contract upon proper terms, provided any fraud had been practised by the vendor in concealing the defect of title, or the parties had been mistaken as to the title. But when the actual state of the title is fully known by all parties, and the purchaser agrees to pay the purchase money at a particular day, which will come before the defect in the title can be legally cured, and by way of securing himself from loss from such defect, he agrees further to take covenants from the vendor or some other
 
 *462
 
 for the title or against eviction or disturbance, there is no possible ground upon which a Court of Equity can interfere. unless it were, that the Court will not let a man, with his eyes open, bind himself by any bargain, but such an one as a wise man would deem advantageous or prudent. The vendee here knew every defect, which the plaintiff now suggests in the title, and, with that knowledge, he persisted in completing the purchase, choosing his own remedy for any injury from the defect in the title, in the form of a covenant from the defendant of general warranty and quiet possession, and on that he must rely. If this bargain had rested in articles, the purchaser, under those circumstances, would be obliged to pay the purchase money, as he contracted, and could not retain any part of it. Sugd. Vend, C. 9. S. 6.
 
 Sadler
 
 v.
 
 Wilson,
 
 5 Ired. Eq, 295. Much more must that be so, when with a knowledge, of the title, he takes a conveyance from one person with covenants for title, and a paper from others, who were legal owners of parts of the land, assenting to the sale.— For, it is obvious, that the purchaser gets precisely what he bargained for, that is, a defective title, with covenants against loss from those defects : and in such a case we held in
 
 Merritt
 
 v.
 
 Hunt,
 
 4 Ired. Eq. 406, that the plaintiff could not repudiate the contract, but was bound to pay the purchase money.
 

 Per Curiam.
 

 Bill dismissed with costs.